IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NUMBER: 17-41860 |
| STEVEN MICHAEL DAVIS II | § | |
| DEBTOR(S) | § | |
| | § | CHAPTER 11 |
| | § | |
| SELENE FINANCE, LP AS | § | |
| MORTGAGE SERVICER FOR U.S. | § | |
| BANK NATIONAL ASSOCIATION, | § | |
| NOT IN ITS INDIVIDUAL CAPACITY | § | |
| BUT SOLELY AS TRUSTEE OF SW | § | |
| REMIC TRUST 2014-1, ITS | § | |
| SUCCESSORS IN INTEREST AND/OR | § | |
| ASSIGNS, MOVANT | § | |
| | § | |
| VS. | § | |
| | § | |
| STEVEN MICHAEL DAVIS II | § | |
| (DEBTOR) | § | |
| RESPONDENT(S) | § | |
| | § | |

**MOTION FOR RELIEF FROM STAY AGAINST PROPERTY AT
14037 BRONC PEN LANE, HASLET, TEXAS 76052
AND  WAIVER OF THIRTY DAY HEARING REQUIREMENT**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. 10th STREET, FORT WORTH, TEXAS 76102-3643 BEFORE CLOSE OF BUSINESS ON APRIL 20, 2018, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Selene Finance, LP as mortgage servicer for U.S. Bank National Association, not in its Individual capacity but solely as Trustee of SW REMIC Trust 2014-1 (hereinafter "Selene"), respectfully requests that the automatic stay be terminated under section 362(d)(1) for cause including (i) Debtor filed this second Chapter 11 bankruptcy case in bad faith; (ii) Debtor does not own the property, rather purports to hold a deed of trust on the Property; (iii) Debtor filed bankruptcy on May 1, 2017 but has not made payments to Selene; and (iv) A reorganization of the Property is not possible within the requirements of 11 U.S.C. § 1129(b)(2)(A).

## Pertinent Facts

1. Steven Michael Davis II ("Davis" or "Debtor") filed a voluntary Chapter 11 petition May 1, 2017 (the "Petition Date"). This Court has jurisdiction to hear and determine this contested matter pursuant to 28 U.S.C. §§1334 and 157(b), and 11 U.S.C. §§105(a) and 362(d).

2. On the Petition Date, Melissa Marler was indebted to Selene on a note executed on May 30, 2008. Movant owns the note. A true copy of the Note is attached hereto and incorporated herein as Exhibit "A". The note is secured by a recorded deed of trust executed by Melissa Marler dated May 30, 2008 granting a lien on the real property at 14037 Bronc Pen Lane, Fort Worth, Texas 76052 (the "Property"), legally described as:

> LOT 41, BLOCK 91, SENDERA RANCH, PHASE 1, SECTION 3A, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN CABINET A, SLIDE(S) 10050, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS.

A true copy of the recorded Deed of Trust is attached as Exhibit "B". A true copy of the Assignment of Lien of Deed of Trust to Selene is attached hereto and incorporated as Exhibit "C". A true copy of the contractual payment ledger is attached hereto and incorporated as Exhibit "E".

3. On May 5, 2009 Melissa Marler executed and recorded a "Special Warranty Deed with Vendor's Lien" for $10.00 to 14037 Bronc Pen Trust is attached hereto and incorporated as Exhibit "F". On January 24, 2014 the Davis Real Estate & Investment Services, LLC, as trustee for the 14037 Bronc Pend Trust executed and recorded a "Special Warranty Deed with Vendor's Lien" to Tyrone Morgan for $136,303.00 is attached hereto and incorporated as Exhibit "G". On January 24, 2014 Tyrone Morgan executed a "Deed of Trust" to Martin A. Garcia securing payment of a note for the sum of $136,303.00 in favor of the lender Davis Real Estate & Investment Services, LLC, as trustee for the 14037 Bronc Pend Trust. The deed of trust is attached hereto and incorporated as Exhibit "H".

4. In support of this Motion, a business records affidavit executed by Selene is attached hereto and incorporated herein as Exhibit "D".

5. Debtor claims he resides in the Property as his principal residence and homestead.

### Relief Under 362(d)(1)

6. **Cause One – No Privety of Contract; No Fee Simple Property Interest**. Davis does not have privety of contract with Selene or the Borrowers. Rather, Debtor conveyed the property through the 14037 Bronc Pen Trust to a Tyrone Morgan without approval from Selene. Pursuant to the Tarrant County Real Property Records, Tyrone Morgan executed a deed of trust in favor of Davis Real Estate & Investment Services, LLC, as trustee for the 14037 Bronc Pend Trust as the lender. Debtor has no property interest which allows Steven Michael Davis II to modify Selene's mortgage with the Davis's pursuant to 11 U.S.C. § 1123 and 1129, or to cure and maintain the borrower's mortgage to Selene. Therefore, as a matter of law, a proposed Chapter 11 Plan in this case which would cramdown Selene's mortgage with Marler cannot be confirmed.

7. **Cause Two – Bad Faith Pre-Petition Conduct.**  Pre-Petition the Note is in arrears in the amount of $71,766.21. The regular monthly mortgage payment is currently $1,525.56 consisting of principal, interest and escrow.  Selene has not received a payment on the Note since February 2013, and the Note is approximately 60 months in default.  This conduct constitutes bad faith in filing this case, *In re Krueger*, 812 F.3d 365 (5th Cir. 2016).

8. **Cause Two – Bad Faith in Filing Bankruptcy.  11 U.S.C. § 1123(b)(5).**  Debtor filed this bankruptcy case with no possibility of proposing a confirmable plan or confirming a plan. 11 U.S.C. §1123(b)(5).  Davis defaulted on his confirmed plan in his prior case. *In re Davis,* Case No. 12-41378 (Bankr. N.D. Tex.).  Davis filed another Chapter 11 case to delay foreclosure on various properties.  With respect to the Property, Debtor cannot confirm a plan which causes the arrears and provides for ongoing payments as required by the Note and Deed of Trust.  11 U.S.C. §1123(b)(5).  This constitutes bad faith, *In re Krueger,* 812 F.3d 365 (5th Cir. 2016).

*9.* **Cause Three – Bad Faith Post-Petition Conduct.**  Debtor has not filed a proposed Chapter 11 Plan and/or disclosure statement as of March 28, 2018.  Combined with the confirmed plan in his prior Chapter 11 case, Davis' default on that plan, the amount of pre-petition arrears, the amount of the ongoing mortgage payments, and Davis's apparent lack of income sufficient to pay on this property (as proven in the prior case and eleven months of this case), this constitutes bad faith. *In re Krueger,* 812 F.3d 365 (5th Cir. 2016).

10. **Cause Four – No Equity.**  There is no equity in the Property. The Tarrant County Appraisal District appraised value for 2017 is $162,694.00. As of February 20, 2018 the amount owed to Selene is $197,573.77.

11. **Cause Five – Lack of Adequate Protection.**  Selene is under-secured.  The loan is escrowed for taxes and insurance in the total amount of $5,595.89 projected for 2018.  Debtor claims a legal interest in the Property since January 24, 2014.  Selene has not received any payments on the Property since Steven Michael Davis II acquired its interest in the Property.  Selene has paid taxes post-petition.  There is no proof of income on this specific Property, nor has any been listed on Debtor's schedules or Operating reports (See Docket No. 33 & 56), and Operating Report for December 2017.  (Docket No. 142).

12. On information and belief, the Property is vacant.

### Relief Under 362(d)(2)

13. **No Equity.**  The amount due on the Note and Deed of Trust as of the May 1, 2017 petition date is $184,644.852.  As of February 20, 2018, the total payoff due to Selene is $197,573.77, plus per diem interest at 6.125% per annum ($19.40 per day).  The loan is contractually due for March 1, 2013.  Tarrant County Appraisal District values the Property for tax year 2017 in the amount of $162,694.00.  Therefore, Debtor has no equity in the Property.  11 U.S.C. § 362(d)(2)(A).

14. **The Property is Not Necessary for an Effective Reorganization.**  Debtor's schedules and operating reports and the fact that Debtor intends to sell the property provides evidence that any Chapter 11 plan or reorganization would not be feasible.  Even if Debtor could modify Selene' mortgage with the Marlers', a proposed Chapter 11 Plan is unfeasible, and therefore the Property is not necessary to an "effective reorganization."  Therefore, (i) generally, a reorganization is not feasible; and (ii) is specifically Bronc Pen Lane Property is not necessary for an effective reorganization.  11 U.S.C. § 362(d)(2)(B).  The stay should be terminated.

15. On information and belief, Debtor currently does not have a tenant in the Property, and the Property is not generating gross or net income.

16. **Miscellaneous Relief.**  Movant requests that the fourteen (14) day stay on enforcing an order for relief imposed by Bankruptcy Rule 4001(a)(3) be waived, due to the number of months Debtor is in arrears, the value of the Property compared to the amount due, and the time necessary to notice the Property for foreclosures.

17. Movant waives the thirty (30) day hearing requirement of §362(e)(1).

18. **Cause to Grant In Rem Relief as to Subsequent Bankruptcy Filings.**  Debtor is not the borrower and has no basis to modify Selene's mortgage note.  This is Debtor's second Chapter 11 case including this Property.  Therefore, no purpose would be served by Debtor filing another petition and delaying Selene from enforcing the deed of trust

WHEREFORE, PREMISES CONSIDERED, Selene Finance, LP as mortgage servicer for U.S. Bank National Association, not in its Individual capacity but solely as Trustee of SW REMIC Trust 2014-1 and its successors in interest or assigns respectfully prays that this honorable Court:

(A)   Enter an Order terminating the automatic stay of 11 U.S.C. §362 as to the Property, granting in rem relief as to the Property for one (1) year; and waive the Rule 4001(a)(3) fourteen-day requirement; and

(B)   Grant Movant such other and further relief to which Movant may show itself to be justly entitled, either at law or in equity.

Respectfully Submitted,

<u>*/s/H. Gray Burks, IV*</u>
H. Gray Burks, IV / TBN 03418320
Email gburks@logs.com
Shapiro Schwartz, LLP
13105 Northwest Freeway, Suite 1200
Houston, TX 77040
Telephone 713-462-2565
Facsimile (847)879-4856
*Attorney for Selene Finance, LP as mortgage servicer for U.S. Bank National Association, not in its Individual capacity but solely as Trustee of SW REMIC Trust 2014-1*

## CERTIFICATE OF CONFERENCE

      I certify that I had a conference with Debtor's attorney, Sarah Cox, through a series of emails on March 28, 2018 between 3:06 pm and 4:58 pm.  At this time, the Debtor opposes termination of the stay on the property.  However, the parties intend to further discuss the possibility of an agreed order on this motion.  Debtor has not yet determined whether he intends to attempt to retain the property.

      */s/H. Gray Burks, IV*
      H. Gray Burks, IV

## CERTIFICATE OF SERVICE

      I hereby certify on April 6, 2018 a true and correct copy of the foregoing Motion for Relief from Stay Against Property was served on all persons filing a Notice if Appearance, Request for Notice, or a Proof of Claim by CM/ECF delivery, and on the parties listed below, at the addresses indicated, via CM/ECF delivery or by deposit in the United States Mail, first-class postage pre-paid, and on all other persons list in the attached mailing matrix by regular U.S. Mail, Postage pre-paid.

DEBTOR(Regular US Mail):
**Steven Michael Davis II**
P.O. Box 991
Keller, TX 76244

DEBTOR'S ATTORNEY(ECF/CM):
**Joyce W. Lindauer**
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road
Suite 625
Dallas, TX 75230

U.S. TRUSTEE(ECF/CM)::
**United States Trustee**
1100 Commerce Street
Room 976
Dallas, TX 75242

*/s/H. Gray Burks, IV*
H. Gray Burks, IV