

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed January 14, 2019

_____
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 17-41860-ELM-11 |
| STEVEN MICHAEL DAVIS II, | § | |
| | § | Chapter 11 |
| Debtor. | § | |

**ORDER GRANTING MOTION OF NATIONSTAR MORTAGE LLC
FOR *IN REM* RELIEF FROM THE AUTOMATIC STAY REGARDING
1310 MCENTIRE COURT, KELLER, TX 76248**

CAME ON FOR HEARING on January 9, 2019, the *Motion of Nationstar Mortgage LLC for In-Rem Relief From the Automatic Stay and Co-Debtor Stay (If Any) Regarding 1310 McEntire Court, Keller, TX 76248* [Docket No. 220] (the "**Motion**") filed by Nationstar Mortgage LLC d/b/a Mr. Cooper as Attorney in Fact and Servicer in Fact for The Bank of New York Mellon Trust Company, N.A. as Successor-In-Interest to All Permitted Successors and Assigns of JPMorgan Chase Bank, National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2005-AB3 ("**Nationstar**"). Pursuant to the Motion and 11 U.S.C. § 362(d)(4), Nationstar seeks *in rem* relief from the automatic stay of 11 U.S.C. § 362(a) in relation to the below-described real property (the "**Property**"):

**LOT 9, BLOCK E OF WILLIS COVES PHASE 1, AN ADDITION TO THE CITY OF KELLER, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET A, SLIDE 5865, PLAT RECORDS, TARRANT COUNTY, TEXAS, AND PROPERTY MORE COMMONLY KNOWN AS 1310 MCENTIRE COURT, KELLER, TX 76248.**

In making the request, Nationstar acknowledges that neither the Debtor Steve Michael Davis II (the "**Debtor**"), nor the Debtor's estate, may hold any ownership interest in the Property. *See* Motion, ¶ 12 (asserting that the Debtor may have transferred his interest in the Property to a third party back in 2009). Nevertheless, it appears that Nationstar has filed the Motion out of an abundance of caution to the extent that the Debtor and/or the Debtor's estate continue to hold any ownership interest in the Property. The Debtor has filed a response to reflect that, while he disputes certain of the factual assertions made in the Motion, he is unopposed to the requested relief. *See* Docket No. 233. Thus, having considered the Motion, the Debtor's response, and the arguments of counsel, pursuant to 11 U.S.C. § 362(d)(4) it is hereby:

**ORDERED** that the automatic of stay of 11 U.S.C. § 362(a) be and is hereby terminated in relation to any interest that the Debtor or the Debtor's estate holds in the Property; it is further

**ORDERED** that, in the event this Order is recorded in compliance with applicable State laws governing notices of interests or liens in real property, then with respect to any interest that the Debtor or the Debtor's estate currently holds, or at any time since May 1, 2017 (the date of the commencement of this case) has held, in the Property, this Order shall be binding in any other case under Title 11 of the United States Code purporting to affect such Property filed not later than two (2) years after the date of the entry of this Order, subject to the provisions of 11 U.S.C. 362(d)(4); it is further

**ORDERED** that, in accordance with the provisions of 11 U.S.C. § 362(d)(4), with respect to any interest that the Debtor or the Debtor's estate currently holds, or at any time since May 1,

2017 (the date of the commencement of this case) has held, in the Property, any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept for indexing and recording a certified copy of this Order; and it is further

**ORDERED** that the provisions of Fed. R. Bankr. P. 4001(a)(3) shall not apply to this Order, and this Order shall be immediately effective upon entry.

### END OF ORDER ###